PER CURIAM.
The State appeals an order suppressing stolen cigarettes and watches seized from the locked rear compartment of a wrecked U-Haul truck. With reluctance, we affirm. At approximately 7:00 a.m., a Florida Highway Patrol officer on routine patrol on Interstate 95 came upon the driver of a wrecked U-Haul truck. The driver was seriously injured and unable to walk or talk. The officer summoned an ambulance and the driver was removed from the scene. The officer then approached the U-Haul truck which was partially blocking the lanes of 1-95. The officer’s first concern at that point was rush-hour traffic congestion. Since the truck obviously could not be driven he immediately called for a wrecker to have it removed. Another occupant of the truck, Mr. Bruce, was present at the scene and was actually the lessee of the truck. The officer advised Mr. Bruce that the truck would have to be towed but did not advise him that he was at liberty to provide an alternative method of removal of the truck. At the motion to suppress the officer simply stated that he knew it was imperative to move the truck immediately so he availed himself of the fastest possible procedure. While waiting for the wrecker, the officer asked Mr. Bruce what cargo was in the truck. The officer stated that he did this because he was concerned about towing a loaded truck because the cargo could shift and be damaged. When the officer asked Bruce what was in the padlocked truck he responded that he did not know the contents of the truck and did not know why it was locked. He also stated that he did not have a key. The officer responded that he would have to check the contents before having the truck towed, and Bruce responded that the officer could simply do whatever he had to do. The padlock was removed and the contents of the truck were briefly examined. The officer found hundreds of cartons of cigarettes and retail display cases containing cigarette lighters. The officer, *182 at this point, concluded the merchandise was probably stolen and that he was no longer merely investigating a routine traffic accident as he had previously assumed. The contents of the truck were eventually seized, and the trial court granted a motion to suppress.
The matter was presented to the trial court and to this court on the theory that •the officer was engaged in an inventory search of the vehicle after impounding it. We frankly do not view this as an impoundment case. Indeed, close inspection of the officer’s testimony indicates that he did not view it as an impoundment either. The officer was merely trying to avoid a huge traffic snarl on 1-95 and immediately move the truck. He was concerned for the cargo. This case probably does not fit any of the established precedents on automobile search and seizures. In addition, it certainly does not fit within the impoundment-inventory search precedents. See Miller v. State, 403 So.2d 1307 (Fla.1981). Here, no crime was suspected, and it was merely a traffic matter. The truck had not been impounded and the officer had no real desire to inventory the contents of the truck but merely to check it so that it could be safely towed. However, we cannot fault the trial judge. The motion to suppress was presented to the trial court as a question of impoundment and an inventory search. The court found against the state on this theory. On appeal, we are once again faced with an inventory search argument. We find the argument inappropriate and affirm the trial court.
AFFIRMED.
BERANEK and DELL, JJ., concur.
ANSTEAD, C.J., concurs in conclusion only.